ULISES CLAVELL RÍOS, demandante y apelante, v. MARINO y ALLAH TORRES, demandados y apelados.

No. 3999.—*Visto*: Noviembre 23, 1927. *Resuelto*: Marzo 6, 1928.

REIVINDICACIÓN—DERECHO DE ACCIÓN Y DEFENSAS—PERSONAS QUE PUEDEN EJERCITAR LA ACCIÓN.—Uno que, habiendo adquirido un título de propiedad de un terreno que reclama en reivindicación, no es dueño de dicho terreno al interponer su demanda por haberlo permutado con otro que recibió en cambio del mismo, carece de acción para reivindicarlo.

SENTENCIA de *R. H. Todd, Jr., J.* (Ponce), declarando sin lugar la demanda, sin costas. *Confirmada.*

*Felipe Colón Díaz,* abogado del apelante; *López de Tord & Zayas Pizarro,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la òpinión del tribunal.

Don Ulises Clavell demandó en la Corte de Distrito de Ponce en junio de 1926 a don Marino y a don Allah Torres, actuales dueños de la hacienda Caño Verde sita en el barrio Sabanetas del término municipal de Ponce, en reivindicación de una finca de 2 cuerdas de terreno y 25 centavos de otra, radicada también en Sabaneta, cuyo valor es de $800, alegando el demandante haberla comprado en septiembre de 1904 a Juan Camacho Ortiz según escritura pública inscrita a su favor en el registro de la propiedad y que los demandados están poseyendo dicha finca sin título alguno para ello.

Los demandados contestaron esa demanda alegando que están poseyendo las 2 cuerdas 25 centavos a título de dueños por haberlas heredado de su padre, quien compró en 1907 la hacienda Caño Verde, formando parte de ella las 2 cuerdas 25 centavos que la sucesión Rabasa, su vendedor, adquirió por permuta que con otra finca suya de 3 cuerdas hizo antes de 1904, y alegó otras defensas en su favor.

Celebrado el juicio la corte de distrito dictó sentencia declarando sin lugar la demanda, siendo uno de sus fundamentos la adquisición por permuta alegada por los demandados; y en la apelación que contra ese fallo ha interpuesto el demandante alega como primer motivo de su recurso que la corte inferior cometió error al declarar probado el contrato de permuta.

La prueba presentada en el juicio consistió casi exclusivamente en la declaración del demandante Clavell, pues él presentó su sola declaración y la escritura de compra que Juan Camacho Ortiz le otorgó en 1904. De la declaración del Sr. Clavell resulta que él compró las 2 cuerdas 25 cen-

tavos a Francisco Guillén, quien las tenía por habérselas dado Juan Camacho Ortiz en pago de una deuda y que como no había mediado entre ellos documento escrito la escritura de venta se la otorgó directamente Juan Camacho Ortiz al demandante en septiembre de 1904, enterándose entonces de que la finca que tenía Guillén era de 3 cuerdas que le había dado la hacienda Caño Verde en cambio de las 2 cuerdas 25 centavos que son objeto de este pleito, situación que Clavell aceptó por lo que nunca tomó posesión de la finca de 2 cuerdas 25 centavos sino de las 3 cuerdas que estaba poseyendo Guillén, cuya finca de 3 cuerdas ha dado Clavell en arrendamiento a otras personas, cobrando sus cánones y la ha tenido en su posesión hasta que la perdió dos o tres años antes del presente litigio por sentencia dictada en pleito que contra él promovieron los herederos de Juan Camacho en reivindicación de dichas 3 cuerdas, en cuyo pleito no fueron citados de saneamiento por evicción los dueños de la hacienda Caño Verde. De otra prueba de los demandados resulta que Clavell dió las 3 cuerdas en arrendamiento a Luciano Colón permitiéndole que arrancara los árboles que tenía, diciéndole que la había cambiado por otra de 2 cuerdas 25 centavos a Caño Verde, cuya manifestación también hizo a Domingo García, a Carlos Torres y a uno de los demandados.

Esa evidencia es prueba suficiente de que hace más de veinte años con anterioridad a la interposición de la demanda de este pleito que las 2 cuerdas 25 centavos reclamadas ahora fueron cambiadas a la hacienda Caño Verde por otra finca de ésta de 3 cuerdas que Clavell poseyó desde 1904, realizando con ellas actos de dueño y que por ese cambio existió el contrato de permuta definido en el artículo 1441 del Código Civil, a pesar de que el apelante entienda que solamente fué un simple cambio, pues fué dada una finca por otra; y como la permuta es un medio de adquirir la propiedad tenemos que llegar a la conclusión de que si bien el apelante obtuvo en 1904 un título de propiedad

de las 2 cuerdas 25 centavos que ahora reclama en reivindicación, no es actualmente dueño de ella por haberla permutado con otra de 3 cuerdas que recibió en cambio de la misma y, por tanto, carece de acción para reivindicarla, por lo que la corte inferior no cometió error al declarar sin lugar la demanda.

En vista de la conclusión a que hemos llegado huelga considerar las otras defensas alegadas por los demandados y *la sentencia apelada debe ser confirmada.*

Los Jueces Asociados señores Hutchison y Texidor no intervinieron.